GAY CROSTHWAIT GRUNFELD – 121944
ERNEST GALVAN – 196065
MICHAEL FREEDMAN – 262850
JESSICA WINTER – 294237
BEN HATTEM – 335232
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        ggrunfeld@rbgg.com
              egalvan@rbgg.com
              mfreedman@rbgg.com
              jwinter@rbgg.com
              bhattem@rbgg.com

PRIYA ARVIND PATEL – 295602
CENTRO LEGAL DE LA RAZA
3400 East 12th Street
Oakland, California  94601-3402
Telephone:    (510) 437-1554
Email:        ppatel@centrolegal.org

LISA V. KNOX – 279406
CALIFORNIA COLLABORATIVE
   FOR IMMIGRANT JUSTICE
1999 Harrison Street, Suite 1800
Oakland, California  94612-4700
Telephone:    (510) 230-6746
Email:        lisa@ccijustice.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JOSE RUBEN HERNANDEZ GOMEZ; SALESH PRASAD; GUILLERMO MEDINA REYES; EDGAR SANCHEZ; ADAN CASTILLO MERINO; IVAN OLIVA SIERRA; FIDEL GARCIA, ISAAC CARDONA HERNANDEZ, and PEDRO JESUS FIGUEROA PADILLA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:22-CV-00868-ADA-CDB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Date:    December 19, 2022<br>Time:    1:30 p.m.<br>Courtroom:   1, 8th Floor<br><br>Judge:    Hon. Ana de Alba<br>Magistrate:   Hon. Christopher D. Baker<br><br>Trial Date:  None set |

[4185222.1]

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 19, 2022, at 1:30 pm, or as soon thereafter as the matter may be heard, in Courtroom 1 on the Eighth Floor of the Fresno Courthouse for the Eastern District of California, Plaintiffs Jose Hernandez Gomez et al. will and hereby do move this Court for an order granting leave for Plaintiffs to file the attached Second Amended Complaint ("Motion" and "SAC").  Plaintiffs do not believe a hearing on the Motion is necessary.  *See* Judge de Alba Standing Order at 1, *available at* *https://www.caed.uscourts.gov/caednew/assets/File/ADA%20Standing%20Order%200824 2022.pdf* (last accessed November 8, 2022).

The parties have met and conferred about the substance of the Motion and have exhausted efforts to resolve the issues informally.  *See* Decl. of Jessica Winter in Supp. of Pls.' Mot. for Leave to File SAC, filed concurrently herewith ("Winter Declaration"), & Ex. A, attached thereto.

Plaintiffs' Motion is based on Federal Rule of Civil Procedure 15(a)(2), the attached memorandum of points and authorities, the concurrently filed Winter Declaration and proposed SAC, and upon such evidence and argument as may be presented at hearing.

DATED:  November 8, 2022          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  *Jessica Winter*
     Jessica Winter

Attorneys for Plaintiffs

/ / /

/ / /

/ / /

[4185222.1]

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this Notice of Motion and Motion for Leave to File the SAC.  Plaintiffs have also filed herewith a copy of the proposed SAC, the Winter Declaration, and a Proposed Order.  Plaintiffs seek leave to amend to correct a factual error in the First Amended Complaint ("FAC") regarding the notice that Plaintiffs provided to defendant The Geo Group ("GEO") of the complaint filed with the California Labor & Workforce Development Agency ("LWDA") under the California Private Attorney General Act ("PAGA"), California Labor Code §§ 2698-2699.8.

## I.     INTRODUCTION

Leave to amend the pleadings should be freely granted "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).  Absent a showing of prejudice to the non-moving party, undue delay or futility, leave is freely given.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs seek to ensure the pleadings in this case are accurate.  Specifically, Plaintiffs seek to make the following italicized changes in the SAC, as compared to the FAC[1]:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiffs also struck the word "will" in paragraph 319 of the FAC, to correct the tense of the sentence: "Plaintiffs ~~will~~ seek to collect these civil penalties for Defendants' Labor Code violations under California Labor Code §§ 201, 202, 203, 226, 246, 558, 1174, 1182.12, 1194, 1197, 1197.1, and 1198.5, and IWC Wage Orders 5 and 15."  The revised sentence is in paragraph 320 of the proposed SAC.  Plaintiffs do not believe this correction is even arguably material.

| Second Amended Complaint | First Amended Complaint |
|---|---|
| 317.   On July 13, 2022 pursuant to California Labor Code § 2699.3, Plaintiffs *submitted notification* to the Labor and Workforce Development Agency (LWDA) *using the LWDA's electronic filing system* of the specific provisions of the Labor Code that Plaintiffs allege Defendants violated, including the facts and theories to support the violations.  *That notification included the initial complaint in this action, with all of its substantive allegations.*  The LWDA received Plaintiffs' notice that same day: July 13, 2022.  A copy of Plaintiffs' PAGA complaint and LWDA's notification email, confirming receipt of the complaint on July 13, 2022, are appended hereto as **Exhibits A and B**, respectively. | 317.   On July 13, 2022 pursuant to California Labor Code § 2699.3, Plaintiffs *sent notice by certified mail* to the Labor and Workforce Development Agency (LWDA) *and Defendants* of the specific provisions of the Labor Code that Plaintiffs allege Defendants violated, including the facts and theories to support the violations. The LWDA received Plaintiffs' notice that same day: July 13, 2022.  A copy of Plaintiffs' PAGA complaint and LWDA's notification email, confirming receipt of the complaint on July 13, 2022, are appended hereto as **Exhibits A and B**, respectively. |
| *318.   On July 28, 2022, Plaintiffs personally served on GEO a copy of the initial complaint in this action, identifying the specific provisions of the Labor Code that Plaintiffs allege Defendants violated, including the facts and theories to support the violations.* | |

There is no possible prejudice to GEO, as this case is in the earliest stages, with no discovery taken yet.  To the extent GEO has an interest in availing itself of the curing

provisions of the applicable California Labor Code sections, GEO has had ample time to do so, having received notice of the violations by hand service of the initial complaint on July 28, 2022.

The initial complaint plainly set forth the substance of the PAGA complaint—the specific provisions of the Labor Code that GEO has violated, and the facts and legal theories supporting those violations.  It also informed GEO that the PAGA complaint was filed with the LWDA on July 13, 2022, the same day the initial complaint was filed.  *See* Compl. ¶ 299.  The complaint was hand-served on GEO on July 28, 2022.  *See* Proof of Service at 2, ECF No. 8 (Aug. 2, 2022).  GEO received that notice 103 days before the date of this filing.  It has not been prejudiced.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, upon a party's request for leave to amend their pleadings, "[t]he court should freely give leave when justice so requires."  "This policy is 'to be applied with extreme liberality.'"  *C.F. ex. rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).  Leave should be "freely given" unless there are special reasons not to give it, "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman*, 371 U.S. at 182.  "Not all of the factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital*, 316 F.3d at 1052.  "In exercising [its] discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Applying these principles, the Court should grant Plaintiffs leave to amend and file the SAC.

[4185222.1]

5

## III.    THIS COURT SHOULD GRANT PLAINTIFFS' REQUEST FOR LEAVE TO FILE THE SAC.

Amendment of the operative complaint in this case would neither prejudice GEO, nor unnecessarily delay these proceedings.   Plaintiffs' Motion is not the result of undue delay or bad faith.  Amendment is necessary to ensure Plaintiffs' PAGA claims are decided on the merits.

### A.    Plaintiffs' Proposed Amendments Are Necessary to Ensure the Pleadings Contain the Most Accurate Allegations Possible.

Justice requires the proposed amendments to Plaintiffs' operative complaint and the filing of the SAC.  The amendments are necessary to ensure the pleadings are accurate with respect to Plaintiffs' PAGA causes of action.  *See United States v. Herrero*, 416 F.2d 945, 947 (9th Cir. 1969) (leave to amend properly granted to change operative date in cause of action to accurate date); *Adamski-Thorpe v. Stevens Memorial Hosp.*, No. C09-1302, 2010 WL 5018141, at *6-7 (W.D. Wash. Dec. 3, 2010) (granting plaintiff leave to amend complaint to correct dates when operative facts occurred, where plaintiff discovered the errors upon review of defendant's summary judgment motion and defendant had ample notice and understanding of the facts and legal theories underlying plaintiff's claims notwithstanding the errors).

Amending complaints to cure any deficiencies or inaccuracies in the pleadings is precisely the purpose of Rule 15(a).  *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1473 (3d ed. 2022) ("The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or unknown at the time the party interposed the original complaint . . . ."); *Orion Wine Imps., LLC v. Applesmith*, No. 2:18-cv-01721-KJM-DB, 2018 WL 4732218, at *2 (E.D. Cal. Oct. 2, 2018) (granting leave to amend to correct two statutory provisions pursuant to which relief was sought, notwithstanding defendants' assertion of lack of notice and the "substantial nature" of the proposed amendments, because corrections to the complaint served the interest of justice and Rule 15's purpose of "facilitat[ing] decision on the merits" (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d

[4185222.1]                                    6

183, 186 (9th Cir. 1987) (internal quotation marks omitted)); *see also, e.g.*, *King v. County of Los Angeles*, No. 2:15-cv-07072-CAS-E, 2015 WL 6870010, at *4 (C.D. Cal. Nov. 6, 2015) (granting leave where plaintiff sought to amend complaint in response to defendants' arguments in motion to dismiss and to correct errors of which plaintiff recently became aware).

For this reason alone, the Court should grant Plaintiffs leave to amend their complaint and file the SAC.

**B.     Plaintiffs' Proposed Amendments Do Not Prejudice GEO.**

GEO would not be prejudiced by Plaintiffs' proposed amendments in the SAC.  The case is in the very earliest stages.  No discovery has been taken yet.  Initial disclosures have not yet been made.

To the extent that GEO has an interest in availing itself of the self-curing provision of the California Labor Code, it has had ample time to do so, indeed more time than is provided for in the Labor Code.  The Labor Code provides that for certain violations actionable under PAGA, the employer has a 33-day period in which to cure the violations to avoid defending them in a civil action.  *See* Cal. Labor Code § 2699.3(c)(2)(A).  GEO received actual notice of the specific Labor Code provisions "alleged to have been violated, including the facts and theories to support the alleged violation" on July 28, 2022 when it received the complaint by hand-service.  *Id.* § 2699.3(a)(1)(A).  The 33-day cure period expired 33 days later on August 30, 2022.  The Labor Code also provides for a 65-day exhaustion period for commencement of a civil action for certain other PAGA violations, although this period has no cure provision.  *See Id.* § 2699.3(a)(2)(A).  Since there is no cure opportunity associated with the 65-day period, GEO can assert no prejudice arising from loss of opportunity to cure.  Even if there were a cure provision for the 65-day period, the 65 days from July 28, 2022 expired on October 1, 2022.

GEO cannot show prejudice resulting from the amendments to the SAC.

[4185222.1]

7

### C. Plaintiffs' Motion and the Proposed Amendments Are Not the Result of Bad Faith or Delay.

As set forth in the Winter Declaration, the proposed amendments to the SAC were not the result of bad faith or delay. *See* Winter Decl. ¶¶ 2, 3 & Ex. A.  This correcting amendment is being sought as early as practicable after discovery of the error in the FAC, allowing for the required meet and confer with opposing counsel. *See id.*  Notifying GEO the same day the error was discovered, followed by a meet and confer process, and then filing this request for leave to correct the pleadings 11 days later, does not constitute undue delay. *See Lennear v. Diamond Pet Food Processors of Cal. LLC*, 147 F. Supp. 1037, 1049 (E.D. Cal. 2015) (attempt to correct pleadings did not evidence undue delay where party notified others in the lawsuit of the error within a month of discovering the error, and filed a motion to amend within 10 days after necessary preliminary steps were complete); *Smith v. Martorello*, No. 3:18-cv-01651-AR, 2022 WL 2705510, at *3 (D. Or. June 8, 2022) (granting leave to amend to correct factual error of bank account at issue where plaintiff reached out to defendants within days of discovering error and filed a motion for leave to amend in less than 14 days).

The proposed amendment will not unduly delay future proceedings.  The parties have not yet fully briefed GEO's pending motion to dismiss and Plaintiffs' have filed their opposition to that motion nearly one week early, in conjunction with this Motion.  No scheduling order has been entered in this case and formal discovery has not yet begun. *See Griggs v. Stumpfer*, No. 1:05-CV-01313-REC-SMS, 2006 WL 8458546, at *1-2 (E.D. Cal. Mar. 1, 2006) (granting leave to amend to correct naming of defendant in complaint where "the action has not even been scheduled").

### D. Amendment Is Not Futile.

The changes in the SAC are purely for the purpose of correcting a factual error regarding the manner in which Plaintiffs notified GEO of the PAGA filing with the LWDA.  The amendment has one purpose only—to ensure the accuracy of the operative complaint.  The futility analysis arises when amendment is sought in response to an order

[4185222.1]                                    8
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

granting a Rule 12 motion, i.e., finding that a complaint or part of it fails to state a cause of action.  A court is justified in denying leave to amend in that context if no amendment could cure the defect found in the order of dismissal.  *See Sonoma Cnty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013).

Here, the Court has not yet taken a motion to dismiss under submission, much less ruled on one, nor found any cause of action pled by Plaintiffs defective.  A futility analysis under Rule 15 is therefore premature.  There is nothing futile about amending a complaint to correct a simple factual error.  *See Bowles v. Reade*, 198 F.3d 752, 757-59 (9th Cir. 1999) (reversing district court's denial of motion for leave to amend to correct title of defendant to name her in her proper representative capacity, where underlying rights and interests were not affected by correcting the error); *Lennear*, 147 F. Supp. 3d at 1049-50 (granting leave to amend to correct similar error).

## IV.    CONCLUSION

Plaintiffs' requested amendments are necessary to correct a factual error.  There is no prejudice to the opposing party, no undue delay, and no futility.  Plaintiffs respectfully request that the Court grant Plaintiffs leave to amend and file the SAC as the operative complaint in this action.

DATED:  November 8, 2022          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  *Jessica Winter*
     Jessica Winter

Attorneys for Plaintiffs

[4185222.1]                                              9

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT