UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ GOMEZ, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.<br><br>Defendant. | Case No. 1:22-cv-00868-ADA-CDB<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 36) |

Before this Court is Plaintiffs Jose Ruben Hernandez Gomez, Salesh Prasad, Guillermo Medina Reyes, Edgar Sanchez, Adan Castillo Merino, Oliva Sierra Ivan, Fidel Garcia, Issac Cardona Hernandez, and Pedro Jesus Figueroa Padilla's ("Plaintiffs") motion to file a second amended complaint (ECF No. 36), Defendant The Geo Group, Inc.'s ("Defendant") opposition (ECF No. 42), and Plaintiffs' reply (ECF No. 43). For the reasons explained herein, Plaintiffs' motion to file a second amended complaint shall be granted.

**Background**

On July 13, 2022, Plaintiffs filed a complaint for declaratory and injunctive relief and damages against Defendant. (ECF No. 1). Plaintiffs asserted six causes of action against Defendant including a representative action pursuant to the Private Attorneys General Act of 2004 ("PAGA"). *Id*. On September 21, 2022, Defendant filed a motion to dismiss Plaintiffs'

initial complaint. (ECF No. 21). On October 4, 2022, Plaintiffs filed a first amended complaint ("FAC"). (ECF No. 24) and the Court subsequently denied Defendant's motion to dismiss as moot. (*See* ECF No. 34 citing *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)).

On October 29, 2022, Defendant filed a motion to dismiss Plaintiffs' FAC. (ECF No. 32). On November 8, 2022, Plaintiffs filed an opposition to Defendant's motion to dismiss and the instant motion to file a second amended complaint. (ECF Nos. 35- 36). On November 14, 2022, the parties filed a stipulation to stay briefing on Defendant's motion to dismiss pending a ruling on Plaintiffs' motion to file a second amended complaint. (ECF No. 40). On November 15, 2022, the Court issued an order granting the parties' stipulation. (ECF No. 41). On November 22, 2022, Defendant filed an opposition to Plaintiffs' motion to file a second amended complaint. (ECF No. 42). On December 2, 2022, Plaintiffs filed a reply. (ECF No. 43).

**Legal Standard**

Twenty-one days after a responsive pleading or a motion to dismiss is filed, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Granting or denying leave to amend a complaint under Rule 15 is in the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, 2011 WL 1335607, at *3 (N.D. Cal. April 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself…is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

The Court addresses the relevant *Nunes* factors below. Defendant opposes Plaintiffs' motion for leave to file a second amended complaint based on four of the five factors:.[1] The Court addresses each in turn.

**1. Prior amendments**

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the amendment sought will be the second amendment to the pleadings. Although Plaintiffs concede they mistakenly omitted the fact of notification to LDWA in their first amended complaint (*see* ECF No. 36 at 3, 8), the Court finds Plaintiffs' errors in the earlier-amended

---

[1] Defendant opposes Plaintiffs' motion for leave to amended based on four of the five factors (Defendant does not contend Plaintiffs acted in bad faith, the fifth factor). (ECF No. 43 at 2).

complaint are not of such a recurring pattern that this factor would weigh against granting the motion to amend. *Cf. McGlinchy v. Shell Chem Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

**2. Undue delay**

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs, Ltd.*, 833 F.2d at 186. In combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80. To determine undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The fact that a party could have amended a complaint earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

Defendant asserts Plaintiffs should have been "aware of all operative facts at the time of filing of their First Amended Complaint." (ECF No. 42 at 3). The Court agrees that Plaintiffs should have included in their FAC that they provided notification to LDWA via LDWA's electronic filing system and that on July 28, 2022, they served on Defendant a copy of the initial complaint identifying the specific provisions of the Labor Code they allegedly violated. (ECF No. 36 at 4). Indeed, Plaintiffs admit these omissions were a mistake on their part. *Id*. at 3, 8.

Plaintiffs contend the proposed amendments are not the product of undue delay. (ECF No. 43 at 3). Plaintiffs argue the same day they discovered an error in the FAC they notified Defendant's counsel, drafted a revised complaint, engaged in the necessary meet and confer process, and filed the motion as quickly as possible. *Id*. at 4. Plaintiffs also note this case is in its "earliest stages, with no discovery taken yet." (ECF No. 36 at 4).

The Court finds no undue delay that would support denying leave to amend. While Plaintiffs did fail to include operative facts in their FAC, the record shows Plaintiffs promptly took steps to correct the pleadings. Moreover, a scheduling conference has not been held and discovery deadlines and a trial date has not been set in this action. *See* (ECF No. 17). Thus, this factor weighs in favor of amendment.

**3. Futility of amendment**

A court may deny leave to amend if the proposed amendment is *futile* or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if it is clear that the complaint could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id*.

Defendant asserts Plaintiffs' attempt to amend their complaint to establish that their PAGA claims have been exhausted is futile. (ECF No. 42 at 2). Defendant contends Plaintiffs' FAC failed to identify Plaintiffs had engaged in agency exhaustion of their PAGA claims and Plaintiffs' proposed amendment would not cure his deficiency. *Id*. at 2-3. In contrast, Plaintiffs primarily argue the request to amend is "to correct a simple factual error." (ECF No. 36 at 8-9). In addition, Plaintiffs claim Defendant's futility argument under Rule 15 is premature and only "applies where a plaintiff is attempting to cure a pleading defect after the complaint has been dismissed." (ECF No. 43 at 2) (citing *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117-18 (9th Cir. 2013).

The Court finds that the ordinary practice of deferring Defendant's challenge to the merits of the proposed amended complaint until after the filing of the amended complaint is appropriate. *See Zurich Am. Ins. Co. of Illinois*, 2020 WL 2732046, at *3; *White v. United Parcel Service, Inc.*, No. 1:20-cv-00090-NONE-BAM, 2020 WL 3430300, at *3 (E.D. Cal. June 23,

5

1   2020).  Accordingly, the Court makes no determination regarding futility of amendment and this
2   factor does not weigh against granting leave to amend.
3       **4. Prejudice to the opposing party**
4       The most critical factor in determining whether to grant leave to amend is prejudice to the
5   opposing party. *Eminence Capital*, 316 F.3d at 1052.  The burden of showing prejudice is on the
6   party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187.  There is
7   a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a).
8   *Eminence Capital*, 316 F.3d at 1052.
9       Defendant claims if Plaintiffs are allowed to amend, Defendant "would be made to redraft
10  and re-file its motion to dismiss as to the new complaint…" (ECF No. 42 at 4).  Defendant argues
11  this refiling would result in a "needless expenditure of resources and fees". *Id*.  Additionally,
12  Defendant claims Plaintiff has yet to exhaust its PAGA claim, and to allow amendment would
13  force it to defend against Plaintiffs' PAGA claims in two forums. *Id*.
14      Plaintiffs contend Defendant was not prejudiced as it was informed of factual errors in the
15  FAC and Plaintiffs' intent to cure the complaint but "by its own strategic choice" drafted and
16  filed a motion to dismiss.  (ECF No. 43 at 5).  Plaintiffs aver that even if there is some prejudice
17  to Defendant for having to redraft its motion to dismiss, the prejudice is "minor" as the proposed
18  amendments impact only one of Plaintiffs' seven claims. *Id*.  Additionally, Plaintiffs argue
19  Defendant will not have to defend itself in two forums as the exhaustion process related to its
20  PAGA claims is already complete. *Id*. at 5-6.
21      Defendant fails to meet its burden of showing prejudice. *DCD Programs, Ltd.*, 833 F.2d
22  at 187.  Plaintiffs' proposed amendment allegedly seeks only to correct factual records both
23  parties were aware of before Defendant filed its motion to dismiss.  The expenditure of resources
24  and fees to re-draft and re-file a motion to dismiss that addresses the proposed changes to
25  Plaintiffs' PAGA claims is minor at best. *Contra Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)
26  ("The new claims set forth in the amended complaint would have greatly altered the nature of the
27  litigation and would have required defendants to have undertaken, at a late hour, an entirely
28  new course of defense.").  As to Defendant's claim it will have to defend against the same PAGA

claims in two forums, this is another challenge to the merits of Plaintiffs' PAGA claims and again, shall be deferred. Consequently, this factor weighs in favor of granting leave to amend.

**Conclusion and Order**

Based on the foregoing, the *Nunez* factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiffs to file a second amended complaint. Therefore, the Court exercises its discretion to grant Plaintiffs' motion for leave to file a second amended complaint. *Swanson*, 87 F.3d at 343. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for leave to file a second amended complaint (ECF No. 36) is GRANTED; and,
2. Within seven days of entry of this Order, Plaintiffs shall file a second amended complaint electronically as a standalone docket entry in this case. Upon filing, the second amended complaint will become the operative complaint in this action.

IT IS SO ORDERED.

Dated: **December 16, 2022**

UNITED STATES MAGISTRATE JUDGE