UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ GOMEZ, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.<br><br>Defendant. | Case No. 1:22-cv-00868-ADA-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY<br><br>(Doc. 19)<br><br>**90-DAY DEADLINE** |

Pending before the Court is Defendant The Geo Group, Inc.'s ("Defendant") motion to stay (Doc. 19), Plaintiffs Jose Ruben Hernandez Gomez, Salesh Prasad, Guillermo Medina Reyes, Edgar Sanchez, Adan Castillo Merino, Oliva Sierra Ivan, Fidel Garcia, Issac Cardona Hernandez, and Pedro Jesus Figueroa Padilla's (collectively "Plaintiffs") opposition (Doc. 23), and Defendant's reply (Doc. 28). For the reasons explained herein, Defendant's motion to stay shall be granted.[1]

---

[1] Although the assigned district judge noticed the parties of her intent to decide the motion without oral argument (*see* Doc. 19), a magistrate judge is authorized to determine motions to stay proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) as long as the resulting order does not effectively deny the ultimate relief sought in the case. *S.E.C. v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1259-60 (9th Cir. 2013). Since the decision issued herein does not result in the denial of the ultimate relief sought in this case, the undersigned has the authority to determine the pending motion to stay.

**Background**

On July 13, 2022, Plaintiffs filed a complaint for declaratory and injunctive relief and damages against Defendant. (Doc. 1). On September 19, 2022, Defendant filed the instant motion to stay. (Doc. 19). Defendant requests an order to stay all proceedings in this matter pending the Ninth Circuit's decision on the related appeals in *Nwauzor v. GEO Group, Inc.*, No. 21-36024; and *Washington v. GEO Group, Inc.*, No. 21-36025 (hereinafter collectively the "Washington Appeals"). *Id*. at 1. On October 3, 2023, Plaintiffs filed an opposition to Defendant's motion to stay. (Doc. 23). Plaintiffs argue the Court should deny the stay as it would unduly harm Plaintiffs, unduly benefit Defendant, and not serve the interests of judicial economy and conservation of judicial resources. *Id*. Plaintiffs filed a reply to Plaintiff's opposition on October 13, 2022. (Doc. 28).

Separately, on October 4, 2022, Plaintiffs filed a first amended complaint. (Doc. 24). On November 8, 2022, Plaintiffs filed a motion to amend to correct a factual error identified in their First Amended Complaint regarding the notice Plaintiffs provided to Defendant under the California Private Attorney General Act, California Labor Code §§ 2698-2699.8. (Doc. 36). On December 16, 2023, the Court issued an order granting Plaintiffs' motion to amend and Plaintiffs filed a second amended complaint ("SAC") on December 23, 2022. (Docs. 45-46).

On January 6, 2023, Defendant filed a motion to dismiss. (Doc. 47). Defendant argues Plaintiffs' claims must be dismissed because Defendant is immune from suit. *Id*. at 2. Specifically, Defendant argues its immunity stems from derivative sovereign immunity and intergovernmental immunity, and preemption. *Id*. at 2-12. On January 13, 2023, Plaintiffs filed an opposition to Defendant's motion to dismiss and Defendant filed a reply on January 23, 2023. (Docs. 49-50). Thereafter, the parties fully briefed a motion for leave to file-sur-reply in opposition to Defendant's motion to dismiss. (Docs. 52, 54-56).

On May 18, 2023, Plaintiffs filed a motion for partial class certification and a motion for summary judgment. (Docs. 57-60). On May 30, 2023, the Court ordered on the parties' stipulation an extension of the briefing deadlines on the motions for summary judgment and class certification. (Docs. 62-63).

On June 22, 2023, Defendant filed a request for status conference to discuss the pending motions before the Court. (Doc. 67). The next day, Plaintiffs filed a response to Defendant's request. (Doc. 69). On June 29, 2023, the Court held a status conference and considered the parties' positions and arguments regarding the pending motions. (Doc. 74).

**Legal Standard**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A court may enter a stay "pending resolution of independent proceedings which bear upon the case…whether the separate proceedings are judicial, administrative, or arbitral in character," and granting the stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quotation and citation omitted). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Landis*, 299 U.S. at 255. Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

Defendant has moved to stay this action on the grounds that (1) there would be limited prejudice or hardship to Plaintiffs, (2) Defendant would suffer significant prejudice and hardship

if a stay is not entered, and (3) a stay would promote judicial economy because the Washington Appeals will impact law governing this case. The Court addresses each argument in turn.

### 1. Harm to Plaintiffs

First, the Court considers the possible damage accompanying the granting of a stay. Defendant presents several arguments demonstrating why a stay pending the resolution of the Washington Appeals will not harm Plaintiffs. (Doc. 19 at 12-13). Defendant states that this case is in its initial stages and a short delay to await the Ninth Circuit's controlling opinion would not cause any harm or undue burden. *Id*. at 12. Defendant notes in a similar case, *Novoa, et al. v. The GEO Group, Inc.*, No. 17-2514 JGB (SHKx), 2022 WL 2189624 (C.D. Cal. Mar. 31, 2022), District Judge Jesus G. Bernal determined similar Plaintiffs would not suffer a hardship if the case was stayed pending a decision from the Ninth Circuit. *Id*. Further, Defendant argues any damages Plaintiffs may accrue during the stay will be compensable and Plaintiffs "will retain full autonomy not to participate in the Voluntary Work Program ("VWP") at issue. *Id*. at 7.

In their opposition, Plaintiffs claim they will be prejudiced if this Court grants a stay. (Doc. 23 at 8-10). Plaintiffs argue they will continue to be subject to unsanitary and intolerably filthy conditions of confinement, exploited by Defendant's VWP, vulnerable to retaliatory and unwarranted disciplinary infractions, and interference with their immigration cases while this matter is stayed. *Id*. at 8-9. Further, Plaintiffs assert that since they face the possibility of deportation, a delay could complicate and burden the litigation. *Id*. at 9-10.

The Court notes a stay could inevitably result in some harm to Plaintiffs due to Plaintiffs' claims of intolerable conditions of confinement, forced labor, and possible deportation. However, the Court finds any possible damage from a stay is minimal because the Ninth Circuit is set to resolve the Washington Appeals. On January 11, 2022, the Ninth Circuit consolidated the Washington Appeals and set a briefing schedule. *Nwauzor v. GEO Group, Inc.*, No. 21-36024 (9th Cir. 2021) (Doc. 17). Thereafter, the relevant parties filed briefs and the Ninth Circuit held oral arguments. *Nwauzor*, No. 21-36024 (Docs. 18, 36, 39, 86). On March 7, 2023, the Ninth Circuit certified three questions to the Washington Supreme Court. *Nwauzor*, No. 21-36024 (Doc. 97). That same day, the Ninth Circuit invited the U.S. Department of Justice ("DOJ") to

submit an amicus curiae brief setting forth its current views on the constitutional defenses asserted by Defendant GEO Group, Inc.—intergovernmental immunity, derivative sovereign immunity, and preemption. *Nwauzor*, No. 21-36024 (Doc. 95).

It appears the Ninth Circuit's ruling will impact this action. Waiting for the Ninth Circuit's decision will allow this Court to adjudicate the issues before it with far greater certainty. Because the Ninth Circuit's resolution of the Washington Appeals will likely occur following an opinion by the Washington Supreme Court and briefing from the DOJ, the stay will have a finite duration, and the potential damage of a stay will be minimized. *See Rizvanovic v. UPS, Inc.*, No. 1:21-cv-01278-BAK (SKO), 2022 WL 1190263, at *5 (E.D. Cal. April 21, 2022) (finding minimal risk of prejudice from a stay as the Supreme Court already heard oral arguments in a pending case that would impact the instant case, and the stay of the action could conclude within a reasonable period); *cf. Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (finding a potential delay of five or six years, or longer, as "indefinite" and "lengthy").

**2. Hardship to Defendant**

The next *Landis* factor looks to the hardship and inequity to the moving party. The movant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. 248 at 255. Defendant claims it will suffer significant prejudice and hardship if a stay is not entered. (Doc. 19 at 13-15). Specifically, Defendant asserts in the absence of the Ninth Circuit's ruling on the Washington Appeals it would be forced to begin the process of costly discovery and motions practice for issues that may be rendered moot in the near future. *Id*. at 14.

In contrast, Plaintiff argues Defendant has failed to put forth any genuine or sufficient claim or hardship or inequity that requires a stay of this action. (Doc. 23 at 10-12). Plaintiff asserts the fact Defendant may have to expend time and money on this litigation is not sufficient reason to stay this case. *Id*. at 11. Plaintiff also contends the Court should question Defendant's

1  claim it will suffer undue harm as its "overly aggressive and wasteful litigation practices to date
2  belie its arguments." *Id*. at 12.
3        Plaintiff's opposition is persuasive.  The Ninth Circuit has held that "being required to
4  defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the
5  meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).  Defendant
6  does not articulate any actual hardship, separate from having to defend this lawsuit if the court
7  denies the stay.  *See Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2023) (finding
8  hardship to moving party if stay denied was neutral where the only hardship established was
9  moving forward with the litigation).  Therefore, this factor weighs in favor of Plaintiffs.

**3. Judicial Time and Resources**

Lastly, the Court looks to how a stay may simplify or complicate the issues.  The Court must consider "the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay."  *CMAX*, 300 F.2d at 268.  Defendant again argues the Ninth Circuit's ruling in the Washington Appeals is likely to resolve the application of various immunity principles relevant to this case.  (Doc. 19 at 15-18).  Defendant contends the Ninth Circuit's opinion could eliminate some or all of Plaintiff's claims.  *Id*. at 18.  Defendant again cites to *Novoa* as persuasive authority that a stay was appropriate.  *Id*. at 16.

Plaintiffs assert a stay would not serve the interest of judicial economy.  (Doc. 23 at 12-16).  Plaintiffs argue the claims at issue in the Washington Appeals rely on the interpretation of what constitutes an employment relationship under Washington state law while this action relies on California law.  *Id*. at 13-14.  Plaintiffs aver this action is materially different from the claims raised in *Novoa* and the Washington Appeals.  *Id*. at 14-15.  Plaintiffs also contend the Ninth Circuit has already addressed Defendant's "asserted preemption and direct regulation/intergovernmental immunity defenses, [and Defendant] is doomed to lose." *Id*. at 15.

As this Court noted above, the Washington Appeals are relevant to this litigation.  The Ninth Circuit has expressly asked the DOJ to weigh in on Defendant's intergovernmental immunity, derivative sovereign immunity, and preemption claims.  It appears the Ninth Circuit's

ruling will likely provide this Court with substantial guidance that will materially impact the pending dispositive motions before this Court.  Waiting for a decision to issue in the Washington Appeals cases will "avoid exhausting judicial resources to decide things like motions to dismiss, motions for class certification, and any possible discovery-related matters or summary judgment motions to follow which may prove fruitless." *See e.g., Canady v. Bridgecrest Acceptance Corp.*, No. 19-cv-04738-PHX-DWL, 2020 WL 5249263, at *3 (D. Ariz. Sep. 3, 2020) (internal quotations and citation omitted).

*     *     *     *     *

Having weighed the parties' arguments and the competing interests, the Court concludes a stay is appropriate.  There is a slight risk of harm to Plaintiffs. However, that risk does not outweigh the interests of efficiency and judicial economy that will be served by staying this action as the forthcoming Washington Appeals decision may significantly impact the instant action – including the parties' pending motions to dismiss, for class certification, and for summary judgment.

**Conclusion and Order**

Based on the foregoing, the *CMAX* factors set forth by the Ninth Circuit weigh in favor of granting a stay of this action.

Accordingly, it is HEREBY ORDERED Defendant's motion for stay (Doc. 19) is GRANTED pending the appellate proceedings in *Nwauzor v. GEO Group, Inc.*, No. 3:17-cv-05769-RJB (W.D. Wash.), appeal docketed, No. 21-36024 (9th Cir. Jan. 11, 2022), and *Washington v. GEO Group, Inc.*, No. 3:17-cv-05806-RJB (W.D. Wash.), appeal docketed, No. 21-36025 (9th Cir. Jan.11, 2022).

Further, it is HEREBY ORDERED that the parties shall file a joint report addressing the status of these cases 90 days from the date of entry of this order, and thereafter, every 90 days and within 14 days of the aforementioned cases being ruled upon by the Ninth Circuit.

///

///

The parties' final joint report upon the resolution of any case must set forth the parties' positions as to the case's impact on this instant litigation and whether the stay should be maintained or lifted.

IT IS SO ORDERED.

Dated:   **July 7, 2023**   _____
UNITED STATES MAGISTRATE JUDGE